UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BERKELEY ACQUISITIONS, LLC, <br><br>        Plaintiff, <br><br>    —*against*— <br><br>MALLOW, KONSTAM & HAGER, P.C., <br><br>        Defendant. | Docket No. 09 Civ. 2319 |
| MALLOW, KONSTAM & HAGER, P.C., <br><br>        Interpleader Plaintiff, <br><br>    —*against*— <br><br>BALTIMORE PROPERTIES CORP., GROVE STREET HOMES, LLC, BERKELEY ACQUISITIONS, LLC, MOSHE MEISELS, CHANIE MISELS, RIGHT MATCH, LTD., MONROE ESTATES, LTD., CITY POINT PROPERTIES, LTD., GILDA ESTATES, LTD., SIMON TOV PROPERTIES, LTD., and PREMIER ESTATES, NY, INC., <br><br>        Defendants. | Docket No. 09 Civ. 3771 |

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS BY DEFENDANTS
BALTIMORE PROPERTIES, INC. AND GROVE STREET HOMES, LLC

ULLMAN, FURHMAN & PLATT, P.C.
Attorneys for Movants
89 Headquarters Plaza
Morristown, New Jersey 070960
(973) 993-1744

*On the Brief*:

Jeffrey D. Ullman, Esq.

TABLE OF CONTENTS

Page

PRELIMINARY STATMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    A.  The Berkeley Action. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    B.  The Intepleader Action. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
ARGUMENT:  THE COURT IS WITHOUT SUBJECT MATTER JURISDICTION
    A.  The Berkeley Action. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    B.  The Intepleader Action. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

TABLE OF CASES

*Airlines Reporting Corporation v. S and N Travel, Inc.,* 58 F.3d 857 (2nd Cir. 1995). . . . . . . 6

*Arkwright-Boston Manufacturers Mutual Insurance Company v.*
    *Truck Insurance Exchange,* 979 F.Supp. 155 (E.D.N.Y. 1997) . . . . . . . . . . . . . . . . . . 6

*Boatman's First National Bank of Kansas City v. McCoy,* 861 F.Supp. 846
    (W.D. Mo. 1994)... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*CP Solutions PTE, Ltd. v. General Electric Co.,* 470 F.Supp.2d 151 (D.Conn.2007).. . . . . . . 8

*Crouse-Hinds Co. v. InterNorth, Inc.,* 634 F.2d 690 (2nd Cir.1980). . . . . . . . . . . . . . . . . . . . 7

*Dakota Livestock Co. v. Keim,* 552 F.2d 1302 (8th Cir.1977). . . . . . . . . . . . . . . . . . . . . . . . . 10

*Navarro Savings Association v. Lee,* 446 U.S. 458 (1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Picciotto v. Continental Casualty Company,* 512 F.3d 9 (1st Cir. 2008). . . . . . . . . . . . . . . . . 9

*Ryan v. Volpone Stamp Co., Inc.,* 107 F.Supp.2d 369, 387 (S.D.N.Y.2000).. . . . . . . . . . . . . . 7

*State Farm Fire & Casualty Co. v. Tashire,* 386 U.S. 523 (1967). . . . . . . . . . . . . . . . . . . . . . 9

*Strawbridge v. Curtiss,* 7 U.S. 267 (1806). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Travelers Indemnity Co. v. Household International, Inc.,*
    775 F.Supp. 518 (D.Conn.1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Travelers Insurance Co. v. Harville,* 622 F.Supp. 68 (D. Al.1985). . . . . . . . . . . . . . . . . . . . . 10

PRELIMINARY STATEMENT

This is a motion to dismiss two interrelated, and now apparently consolidated, lawsuits upon the ground that the Court is without subject matter jurisdiction to hear either of them. The jurisdictional predicate for the first filed of the actions (09 Civ. 2319) ("the Berkeley Action") is alleged to consist of the diversity of citizenship between the parties, plaintiff Berkeley Acquisitions, LLC ("Berkeley"), a New Jersey limited liability company, and its former attorneys, Mallow, Konstam & Hager, P.C. ("Mallow"), a New York professional corporation. The second of the two actions (09 Civ. 3117) ("the Mallow Interpleader Action") is an action in interpleader between Mallow, on the one hand, and a host of parties, of varying and, in some cases, unstated citizenship, on the other.

Both actions arise out of a failed New Jersey real estate transaction, involving a multi-unit residential building in Irvington, New Jersey, in which Berkeley was the seller and Baltimore Properties, Inc. ("Baltimore") was the buyer ("the Irvington Transaction"). At some point, apparently, Baltimore assigned its interest in the contract of sale to defendant Grove Street Homes, LLC ("Grove"). Baltimore is a New Jersey corporation. Grove is a New Jersey limited liability company. The remaining defendants in the Mallow Interpleader Action are individuals and entities of unspecified citizenship who have or may have or may claim to have an interest in Berkeley.

As we understand it, Berkeley alleges that Mallow, the holder of an escrow from Baltimore in the Irvington transaction, failed and refused to pay over the escrow to Berkeley upon Berkeley's declaration of a default in connection with the Irvington Transaction. Berkeley sues Mallow to compel the turnover. Mallow, by turn, contends that it refused to release the escrow because of objections it received from Baltimore's then attorney, a Mr. Kennedy. Mallow alleges that it has no interest of its own in the escrow fund, proposes to pay, if it has not already paid, the

escrow into Court, interpleads all parties, including Baltimore and Grove, who have or may have any interest in the escrow fund, and asks to be released from any further responsibility, leaving Berkeley and the named defendants in the Mallow Interpleader Action to litigate the issue of which of them is entitled to the fund.

The matter cannot proceed here. Plaintiff in the Berkeley action establishes a facial diversity by naming only its former counsel, a New York professional corporation, as the defendant, but Mallow, the named defendant, clearly has no interest of its own in the outcome of the dispute about the disposition of the escrow it held in connection with the Irvington Transaction. Under these circumstances, where Mallow is sued solely in a representative capacity, as an escrow agent, the law looks through the nominal citizenship of the agent to the citizenship of the principals, the "real and substantial" parties to the underlying dispute. Here, the principals – Baltimore and, later, Grove, whose money funded the escrow – are both New Jersey entities, a New Jersey corporation and a New Jersey limited liability company, respectively. Thus, there is, here, no diversity, and the complaint must be dismissed.

The Berkely action also suffers from the fatal defect of failing to name indispensable parties, namely, Baltimore and Grove. The Berkeley action seeks a turnover of the escrow balance, and this would necessarily adjudicate – indeed, it would foreclose – such rights as Baltimore and Grove have to the fund, and this cannot be countenanced unless Baltimore and Grove are parties to the action, with a right and opportunity to be heard on the merits. Again, the real dispute here is between Berkeley, a New Jersey limited liability company, on the one hand, and Baltimore and Grove, a New Jersey corporation and a New Jersey limited liability company, respectively, on the other. The dispute arises out of a New Jersey transaction, involving a transfer of title to New Jersey

realty.  There is no diversity of citizenship between the real parties in interest, and the complaint must be dismissed.

Finally, the Mallow Interpleader Action must be dismissed.  We suspect it would be withdrawn voluntarily in the wake of the dismissal of the Berkeley Action, but it has no jurisdictional legs to stand on in any event.  Thus, as an interpleader action commenced under 28 U.S.C. § 1335, the lawsuit is subject to the Court's jurisdiction only if there is complete diversity between the actual contestants to the disputed funds, and, again, there is no diversity among those parties, including, principally, Berkeley, Baltimore and Grove, all of which are New Jersey entities.  Thus, both actions must be dismissed.

## STATEMENT OF FACTS

### A.  The Berkeley Action

Berkeley alleges that it owns certain property in Irvington, New Jersey (Comp. at ¶ 6), which was subject to a contract of sale to an unnamed purchaser in January, 2006 (Comp. at ¶ 7).  Berkeley further alleges that Mallow, a New York law firm, received a substantial deposit in connection with the transaction in November, 2006 (Comp. at ¶ 7).  In February, 2009, Berkeley contends, it notified the contract purchaser of the Irvington property that the purchaser was in default, and it demanded turnover of the balance on deposit with Mallow in connection with the deal (Comp. at ¶8).  Finally, Berkeley alleges that Mallow refused the turnover, by reason of which Berkeley seeks judgment compelling the same (Comp. at ¶¶ 9, 10).  The jurisdictional predicate of the action consists solely of the alleged diversity of the plaintiff and Mallow, and that the claim exceeds $75,000.00 in value, pursuant to 28 U.S.C. § 1332 (Comp. at ¶¶ 1, 4).

By way of answer to the complaint, Mallow alleges that the buyer of the Irvington property was Baltimore; that Baltimore thereafter assigned its rights under the contract of sale to Grove; and that Mallow was the holder of an escrow deposit received in connection with the Irvington Transaction (Answer at ¶ 7).  Mallow further acknowledges Berkeley's demand for the turnover of the escrow balance, but claims that the buyers' attorney, one Kevin Kennedy, Esq., protested the declaration of a default "...and demanded that [Mallow] should not release the balance in escrow." (Answer at ¶ 9.).

### B.  The Mallow Interpleader

By way of interpleader complaint, Mallow alleges that there now exist "conflicting claims" regarding the disposition of the balance of the escrow between Berkeley, on the one hand, and Baltimore and Grove, on the other, (Interpleader Comp. at ¶ 10), by reason of which Mallow "is or may be exposed to multiple liabilities." (Interpleader Comp. at ¶ 11).  Mallow further alleges that the other defendants, whose citizenship is not identified, have or may have or may have had claims to the escrow fund because they have or may have claims to ownership or control of Berkeley or claims against one or more of its principals (Interpleader Comp. at ¶¶ 12-18).  Mallow contends that jurisdiction is proper pursuant to 28 U.S.C. § 1335 (Interpleader Comp. at 1).

## ARGUMENT

## THE COURT IS WITHOUT SUBJECT MATTER JURISDICTION

### A.  The BerkeleyAction

Where the Court's jurisdiction is invoked solely on the basis of the diverse citizenship of the parties to a dispute, there must be *complete* diversity among the parties; that is, no plaintiff and no defendant may be citizens of the same state.  **Strawbridge v. Curtiss,** 7 U.S. 267 (1806).

While a corporation is a "citizen" for these purposes, and while it has a "citizenship" distinct from that of its shareholders, the Supreme Court has made clear that "citizens" upon whose diversity a plaintiff would ground jurisdiction must be "real and substantial parties to the underlying controversy." ***Navarro Savings Association v. Lee,*** 446 U.S. 458, 460 (1980). Thus, while the Berkeley action rests upon a nominal diversity between the named parties, we must look behind the facade of things to see whether or not the named parties are the "real and substantial parties to the underlying dispute." To the extent *those* parties are not diverse, jurisdiction is lacking and the action must be dismissed.

Here, Mallow, the named defendant, clearly is a citizen of New York for diversity purposes, but only to the extent it has a real and substantial interest in the "underlying dispute." Thus, Mallow's citizenship "counts" for diversity purposes *only* to the extent that the "underlying dispute" involves Mallow in its own right, such that it may be fairly characterized as involving Mallow's interests as a corporate entity. In the instant case, however, this is clearly not so. Here, rather, Mallow is a defendant solely by virtue of its status as the holder of an escrow, that is, solely in its capacity as an agent. Its filing of an interpleader shows that it has no corporate interest of its own in the outcome of the dispute over entitlement to the balance of the escrow fund which it holds. Clearly, it has been sued solely in a representative capacity.

In these circumstances, then, the relevant question is not whether Mallow is a citizen of New York, but, rather, whether the party or parties on whose behalf it held escrowed funds are citizens of New York, or, for that matter, any state other than New Jersey. As the Second Circuit has held:

> "Where a party sues or is sued in a representative capacity...its legal status is regarded as distinct from its position when it operates in an individual capacity...In such a case, the citizenship of the represented individuals controls for diversity purposes, as they are the real and substantial parties to the dispute." ***Airlines Reporting Corporation v. S and N Travel, Inc.,*** 58 F.3d 857, 861-862 (2nd Cir. 1995).

Nor will it suffice merely to *name* a nominally diverse entity as a party to the action for the purpose of creating federal diversity jurisdiction where none actually exists between the "real and substantial parties" to the controversy. Rather, the court must "look through" nominal diversity to see whether or not the actual disputant parties are "citizens of different states." Thus, "in determining whether complete diversity exists, a federal court must disregard nominal parties and rest jurisdiction only upon the citizenship of the real parties to the controversy." ***Arkwright-Boston Manufacturers Mutual Insurance Company v. Truck Insurance Exchange,*** 979 F.Supp. 155, 159 (E.D.N.Y. 1997).

Here, without question, "the real and substantial parties to the dispute" are not Berkely and Mallow but Berkeley, on the one hand, as the seller, and Baltimore and Grove, on the other, as the buyers of the Irvington property, on whose behalf Mallow held the escrowed funds. All of the "real" parties are New Jersey enterprises, a New Jersey corporation and two New Jersey limited liability companies. Mallow is a mere stalking horse, a third-party agent, which has no interest of its own in the matter; this accounts for its filing of an interpleader complaint. Accordingly, the real parties are not diverse, the court is without subject matter jurisdiction, and the action may not proceed.

Further, jurisdiction is lacking because Baltimore and Grove are necessary parties to any just adjudication of the underlying dispute out of which the Berkeley action arises, but their joinder would immediately destroy diversity jurisdiction. Rule 19, **Fed.R.Civ.Proc.** Baltimore and Grove are "necessary parties" because *their* money is the subject of the Berkeley Action.

It is to be recalled that Baltimore originally posted a $200,000.00 deposit with Mallow to be held in escrow in connection with the Irvington Transaction; Baltimore thereafter assigned its rights in the matter to Grove. Berkeley principally alleges that it is entitled to a turnover of the approximately $79,000.00 remaining in the escrow fund because the "purchaser" of the Irvington Property – namely, Baltimore, or its assignee, Grove – "had breached the original contract..." for the sale of that property (Comp. at ¶ 8). But it is quite impossible to resolve fairly and justly the question of whether or not Baltimore or Grove breached Baltimore's contract with Berkeley unless Baltimore and Grove become parties to the action, having a right to appear therein, and to answer, defend or counterclaim in that connection. Considerations of basic due process, let alone the provisions of Rule 19, demand no less.

Accordingly, it is well settled that a party to a contract which is the subject of the lawsuit "is the paradigm of an indispensable party." ***Travelers Indemnity Co. v. Household International, Inc.,*** 775 F.Supp. 518, 527 (D.Conn.1991); ***Crouse-Hinds Co. v. InterNorth, Inc.,*** 634 F.2d 690, 701 (2nd Cir.1980) ("No procedural principle is more deeply imbedded in the common law than that, in an action to set aside a lease or a contract, all parties who may be affected by the determination of the action are indispensable."); ***Ryan v. Volpone Stamp Co., Inc.,*** 107 F.Supp.2d 369, 387 (S.D.N.Y.2000) ("It is well-established that a party to a contract which is the subject of the

litigation is considered a necessary party.") **See, generally, CP Solutions PTE, Ltd. v. General Electric Co.,** 470 F.Supp.2d 151, 157 (D.Conn.2007).

Thus, here, where the object of the Berkeley litigation is to secure the turnover of the balance of an escrow fund, and where the plaintiff alleges entitlement to the turnover *by reason of a breach of the contract pursuant to which the escrow was posted* the matter may not proceed in the absence of all of the parties to the underlying contract. They have rights in the matter, including the potential right to secure a return of the escrow to themselves. As the matter now stands, they would not be bound by any adjudication in Berkeley's favor; they would have the right to bring a separate litigation, in the New Jersey state courts, which could result in an outcome adverse to Berkeley, or, for that matter, Mallow. This, indeed, has motivated Mallow to sue in interpleader. Thus, a very real potential exists here not merely for multiple litigations involving the same subject matter, but for inconsistent and irrelconcilable outcomes.

It follows, therefore, that Baltimore and Grove are necessary parties both because "complete relief" cannot be accorded in the matter in their absence and because they "claim an interest relating to" the escrow fund which is "the subject of the action," such that disposing of the action in their absence will, as a "practical matter impair or impede their ability to protect that interest" or leave existing parties "subject to a substantial risk of incurring the multiple...liabilities or inconsistent obligations because of the interest." Rule 19(a), **Fed.R.Civ.Proc.** These are the precise reasons why parties to a contract which is the subject of the litigation are the very "paradigm" of indispensability. **Travelers Indemnity Co. v. Household International, Inc., supra; Crouse-Hinds Co. v. InterNorth, Inc., supra; Ryan v. Volpone Stamp Co., Inc., supra; CP Solutions PTE, Ltd. v. General Electric Co., supra.**

Of course, the joinder of Baltimore and Grove would completely destroy diversity, as they are both New Jersey based enterprises, just as is Berkeley. Thus, the complaint should be dismissed. Rule 19(b), **Fed.R.Civ.Proc.; see, also, Picciotto v. Continental Casualty Company,** 512 F.3d 9 (1st Cir. 2008).

B.  The Mallow Interpleader

Mallow sues in interpleader in the federal court in New York only because Berkeley has brought the underlying action there; we may fairly infer that if the Berkeley action were to fail for want of federal jurisdiction, as it should, that the interpleader would be withdrawn. We may also fairly anticipate that Berkeley would then bring an action involving all parties in the New Jersey state court (where this matter clearly belongs) and that Mallow would interplead there, as a matter of New Jersey practice. In any event, while the filing of an interpleader complaint in New York is understandable, given Berkeley's decision to file its lawsuit there, it is no more within the Court's subject matter jurisdiction than the ill-begotten underlying Berkeley litigation.

The interpleader complaint alleges that jurisdiction is proper pursuant to the "interpleader statute," 28 U.S.C. § 1335 (Interpleader Comp. at ¶ 1). The statute confers subject matter jurisdiction in all interpleader cases where the amount in controversy exceeds $500.00, and where "[t]wo or more adverse claimants, of diverse citizenship as defined in [28 U.S.C. §§ 1332(a) or (d)] are claiming or may claim to be entitled to such money or property...." Thus, in a statutory interpleader action, as this one, diversity must exist not necessarily between the *plaintiff* and all *defendants,* as is usually the case, but, instead, among two or more "adverse claimants" to the fund. **State Farm Fire & Casualty Co. v. Tashire,** 386 U.S. 523, 530-531 (1967). Accordingly, subject

matter jurisdiction exists only at least two "adverse claimants" are "citizens of different states." 28 U.S.C. § 1332.

Here, of course, the only "adverse claimants" whose citizenship is known are Berkeley, on the one hand, and Baltimore and Grove, on the other, all of whom are New Jersey entities. Jurisdiction as to them cannot be sustained. *Boatman's First National Bank of Kansas City v. McCoy,* 861 F.Supp. 846, 848 (W.D. Mo. 1994). The fact that Mallow is a resident of New York, and thus has a citizenship "diverse" from *either* competing claimant is irrelevant, because Mallow claims no interest of its own in the fund in issue, but alleges that it holds the money as an escrow agent only. *Boatman's First National Bank of Kansas City v. McCoy, supra; State Farm Fire & Cas. Co. v. Tashire, supra; Treinies v. Sunshine Mining Co.,* 308 U.S. 66, 71-72 (1939); *Dakota Livestock Co. v. Keim,* 552 F.2d 1302 (8th Cir.1977); *Travelers Ins. Co. v. Harville,* 622 F.Supp. 68, 69 (D. Al.1985). Thus, the interpleader action may not proceed because the Court is without jurisdiction to hear it.

With respect to the remaining defendants identified in the Interpleader Action, nothing appears on the face of the complaint to identify the citizenship of these parties. Nor does the complaint clearly explain why Mallow believes these individual or entities – all of which, it appears, are involved in one way or another in pending litigation in New Jersey – have or may have some interest in the escrow fund. Jurisdiction does not arise from speculative claims or assertions; rather facts sufficient to sustain the justiciability of the controversy in the Southern District of New York should clearly emerge on the face of the pleadings. Here, the only clearly identified "claimants to the fund" are New Jersey parties, and, accordingly, parties who are not diverse. Thus, here, the complaints must be dismissed

CONCLUSION

THE COMPLAINTS MUST BE DISMISSED

                                  Respectfully submitted,

                                  ULLMAN, FURHMAN & PLATT, P.C.

                                  By: _____
                                             Jeffrey D. Ullman
                                           A Member of the Firm

Dated: Morristown, New Jersey
        May 6, 2009