UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BERKELEY ACQUISITIONS, LLC, | |
| Plaintiff, | |
| —*against*— | Docket No. 09 Civ. 2319 (CM) |
| MALLOW, KONSTAM & HAGER, P.C., | |
| Defendant. | |

| | |
|---|---|
| MALLOW, KONSTAM & HAGER, P.C., | |
| Interpleader Plaintiff | Docket No. 09 Civ. 3771 (CM) |
| —*against*— | |
| BALTIMORE PROPERTIES CORP., GROVE STREET HOMES, LLC, BERKELEY ACQUISITIONS, LLC, MOSHE MEISELS, CHANIE MEISELS, RIGHT MATCH, LTD., MONROE ESTATES, LTD., CITY POINT PROPERTIES, LTD., GILDA ESTATES, LTD., SIMON TOV PROPERTIES, LTD., and PREMIER ESTATES, NY, INC., | |
| Interpleader Defendants. | |

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/20/09

---

DECISION AND ORDER DISMISSING CASE NO. 09 Civ. 2319 FOR FAILURE TO JOIN
NECESSARY PARTIES AND DENYING INTERPLEADER DEFENDANTS' MOTION TO
DISMISS THE INTERPLEADER COMPLAINT

McMahon, J.:

### Introduction

Berkeley Acquisitions LLC ("Berkeley"), a New Jersey limited liability company, brings

this diversity action (09 Civ. 2319, hereinafter the "Berkeley action") against Mallow, Konstam

& Hager, P.C. ("Mallow"), a professional corporation organized under the laws of the state of

New York, seeking to collect the balance of escrow funds ("the escrow"). Berkeley alleges that Mallow, as the escrow holder, failed to turn over approximately $76,000 owed, despite due demand.

On April 14, 2009, Mallow brought an interpleader action (09 Civ. 3771, hereinafter the "Mallow action"), pursuant to 28 U.S.C. § 1335, against a number of parties, only two of whom are relevant to the present motion: Baltimore Properties Corp. ("BPC"), a New Jersey corporation, and Grove Street Homes, LLC ("Grove"), a New Jersey corporation. Plaintiff Berkeley and interpleaded defendant BCP contracted to sell and purchase a property in Irvington, New Jersey (hereinafter, "New Jersey property" or "New Jersey transaction"). BPC assigned its rights in this contract to Grove. The disputed funds were placed in escrow in connection with that transaction.

Interpleader defendants BPC and Grove move to dismiss the Berkeley and Mallow action for a lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Mallow does not take a position on this motion; it represents that it "will deposit the escrow funds, presently in our IOLA account at JP Morgan Chase, wherever this, or any other court having jurisdiction, directs us." (May 18, 2009 Affidavit of Benjamin Hager (hereinafter, "Hager Aff.").) Berkeley's counsel has recently notified the Court that it will not oppose the motion.

BPC and Grove are not parties to the Berkeley action; they are interpleaded defendants in a separate lawsuit, the Mallow action. However, they are clearly indispensable parties to this action, who are required to be joined as defendants, if feasible. Because their joinder would defeat diversity, it is not feasible to add them as defendants in the Berkeley lawsuit. That being

**Page (2)**

so, this Court must consider whether, in equity and good conscience, the Berkeley action can proceed between Berkeley and Mallow only, or whether it should be dismissed. Fed. R. Civ. P. 19(b). Because Mallow—a mere stakeholder who will give the escrowed funds to whomever the court directs—is not a real party in interest in the Berkeley action, it would not be equitable for the Berkeley action to proceed among the existing parties. It is, therefore, dismissed without prejudice.

BPC and Grove also move to dismiss the Mallow interpleader action, as to which they are parties. The Court cannot grant the motion without knowing whether "minimal" diversity—that is, diversity between any two claimants to the escrowed funds—exists. Clearly, there is not "minimal" diversity among BPC, Grove and Berkeley, all of whom are citizens of New Jersey. However, there are other parties named as defendants in the Mallow action, and the Court is unaware of their citizenship. The interpleader complaint does not plead the citizenship of the various defendants, although the name of one of those defendants (Premier Estates NY, Inc.) suggests that it may be a New York citizen, and so diverse from Berkeley, BPC and Grove. If Mallow wishes to discontinue the interpleader action in view of the dismissal of the Berkeley action, it is free to do so. Otherwise, the matter will continue in this Court until it becomes apparent that none of the named defendants is diverse from any other defendant.

## Background

### A.     The Berkeley Action: Plaintiff's Complaint

Berkeley alleges that it owns certain property in Irvington, New Jersey (Compl. ¶ 6), which was subject to a contract of sale to an unnamed purchaser. (Id. ¶ 7.) The unnamed purchaser was BPC. (Mallow Answer ¶ 7(I).) In connection with this transaction (the New

Jersey transaction), Mallow, a New York law firm, served (and continues to serve) as Berkeley's and BPC's escrow agent, and received a $200,000 deposit from BPC. (Compl. ¶ 7). Subsequently, Mallow deposited the $200,000 in an interest on lawyer account ("IOLA") at J.P. Morgan Chase in New York. (Mallow Answer ¶ 7(ii).)

On November 16, 2006, pursuant to a contract modification agreement, Mallow received authorization to release, and did release, $124,000 of the $200,000 to Berkeley. (Compl. ¶ 7.) Mallow held the remaining $76,000 in escrow pending the closing of the sale. (Id.) Berkeley alleges "The contract modification scheduled a time of the essence closing for no later than February 5, 2007." (Id.)

On February 9, 2007, Berkeley alleges that Mallow notified BPC that: "(i) the purchaser had breached the original contract by failing to close; (ii) that pursuant to the original contract, Berkeley was entitled to keep the initial deposit; and (iii) defendant [Mallow] was turning over the balance of the deposit to Berkeley." (Id. ¶ 8.)

Later that month, BPC's attorney, Kevin Kennedy, sent a response to Mallow's February 9, 2007 letter. (Mallow Answer ¶ 8.) In a series of letters, Kennedy demanded that Mallow not release the balance in escrow because BPC had not breached the contract. (Id. ¶ 9, Ex. B.)

Mallow never released the escrow balance. Rather, the balance, with interest, continues to be held in the IOLA. (Id. ¶ 10.)

Berkeley brings this lawsuit to recover the balance of the escrow funds. (Compl. ¶¶ 9-10.) Jurisdiction is predicated on the alleged diversity of Berkeley, a New Jersey LLC, and Mallow, a New York P.C., and the fact that amount in controversy exceeds $75,000.

**Page (4)**

### B. The Mallow Interpleader

On April 14, 2009, Mallow filed a statutory interpleader claim against, among others, BPC and Grove. Grove is named as a party because BPC assigned its contractual rights in the New Jersey property to Grove. (Interpleader Compl. ¶ 4.) Mallow interpleaded these defendants because Berkeley's demand for the balance of the escrow conflicts with BPC's and Grove's representation that the contract for sale was not breached. (Id. ¶¶ 8-11.) Mallow seeks a judgement that authorizes it to pay the remaining deposit of the escrow into this Court, so that it will be discharged from any liability to Berkeley and to all of the interpleaded defendants. (Interpleader Compl.)

### C.    Procedural History

On May 6, 2009, interpleaded defendants BPC and Grove moved to dismiss both the Berkeley action and Mallow action for a lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. On May 18, 2009, Berkeley requested an extension of time to file opposition to BPC's and Grove's motion, which I granted on May 21, 2009. Since that time, Berkeley's counsel has informed the Court that it does intend to oppose the motion. In addition, in an affidavit dated May 18, 2009, Mallow informed the Court that it does not "take a position" on BPC's and Grove's motion.

### I.    BPC's and Grove's Motion is Deemed a Motion to Intervene.

BPC and Grove are not parties to the Berkeley action. The Court will construe their motion to dismiss the Berkeley action as a motion to intervene, pursuant to Federal Rule of Civil Procedure 24. The Second Circuit has instructed district courts to do so in instances where a non-party makes a motion in a lawsuit because it believes it has a valid and sufficient interest in

**Page (5)**

the matter. "The proper procedure would have been for the district court to construe [non-

party's] letter submissions as a motion to intervene under Federal Rule of Civil Procedure 24.

This rule provides the mechanism by which non-parties who believe they have a valid and

sufficient interest in a litigation can assert their rights." MasterCard Int'l. Inc. v. Visa Int'l Serv.

Ass'n, Inc., 471 F.3d 377, 382 (2d Cir. 2006).

Rule 24(a)(2) provides:

> On timely motion, the court must permit anyone to intervene who: . . . claims an
> interest relating to the property or transaction that is the subject of the action, and
> is so situated that disposing of the action may as a practical matter impair or
> impede the movant's ability to protect its interest, unless existing parties
> adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). Interventions as of right is granted when an applicant:

> (1) files a timely motion; (2) asserts an interest relating to the property or
> transaction that is the subject of the action; (3) is so situated that without
> intervention the disposition of the action may, as a practical matter, impair or
> impede its ability to protect its interest; and (4) has an interest not adequately
> represented by the other parties.

United States v. Pitney Bowes, Inc. 25 F.3d 66, 70 (2d Cir. 1994).

BPC and Grove meet the requirements for as-of-right intervention: as discussed below,

they are indispensable parties to the Berkeley action, and a motion for leave to intervene would

be timely.

## II.    BPC and Grove are Necessary Parties to the Berkeley Action.

BPC and Grove, who are non-diverse, are necessary parties required to be joined as

defendants under Rule 19(a) of the Federal Rules of Civil Procedure.

Rule 19 "sets forth a two-step test for determining whether the court must dismiss an

action for failure to join an indispensable party." Viacom Int'l., Inc. v. Kearney, 212 F.3d 721,

**Page (6)**

724 (2d Cir. 2000). A court must first determine whether an absent party belongs in the lawsuit.

Id. A party must be joined to the lawsuit if

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

Once the court "makes a threshold determination that a party is necessary under Rule

19(a)," it must determine whether joinder of the absent party is "feasible for jurisdictional or

other reasons." Viacom, 212 F.3d at 725; Fed. R. Civ. P. 19(b). "If the court determines that a

party is indispensable, then the court must dismiss the action pursuant to Rule 19(b)," id., which

provides:

> If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:
>
> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
>> (A) protective provisions in the judgment;
>>
>> (B) shaping the relief; or
>>
>> © other measures;

(3) whether a judgment rendered in the person's absence would be adequate; and

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

This lawsuit cannot proceed in equity and good conscience without joining BPC and Grove, because Mallow is not a real party in interest who has a stake in vindicating the alleged rights of BPC and Grove. Joinder, however, is not feasible in this case because BPC's and Grove's claims against Berkeley (and vice versa) are not supported by subject matter jurisdiction, since Berkeley, BPC and Grove are non-diverse citizens. See Moore's Federal Practice § 19.04[1][a] at 19-65-66 (3d ed. 2008). Therefore, the Berkeley complaint against Mallow must be dismissed.

Mallow finds itself as a defendant in this case because Berkeley asserts that it is entitled to the balance in an escrow account. The funds at issue do not belong to Mallow; it merely serves as a depository for the funds at issue. Mallow does not have a personal stake in who receives the funds. See Hidey v. Waste Sys. Int'l, Inc., 59 F. Supp. 2d 543, 546 (D. Md. 1999). In such circumstances, Mallow, as the escrow agent, is not a real party in interest. "Merely stakeholders or escrow agents which are not subject to liability in the lawsuit are not real parties to the action . . . ." Corporacion Venezolana de Fomento v. Vintero Sales Corp., 477 F. Supp. 615, 621-22 (S.D.N.Y. 1979) (internal citations omitted). Indeed, Mallow's filing of an interpleader complaint against BPC and Grove demonstrates that it has no corporate interest of its own in the outcome of the dispute over entitlement to the balance of the escrow which it

holds. It requests that this Court, or any appropriate court, deposit the funds pending a resolution of the dispute between Berkeley, BPC and Grove.

BPC and Grove, as parties to the original contract for sale, are necessary parties, and should be joined to the Berkeley action so they can assert their defenses and claims against Berkeley relating to the matters in suit. In the Berkeley action, Berkeley seeks to recover from Mallow the balance of the escrow funds, which are due because "the purchaser has breached the original contract by failing to close." (Compl. ¶ 8(i).) The underlying original contract to which BPC and Grove are parties will necessarily be at issue in the Berkeley action. Thus, resolution of Berkeley's claims in this action will reasonably require the Court to determine the rights and obligations of Berkeley, BPC and Grove under the original contract. See for example, Ryan v. Volpone Stamp Co., Inc., 107 F. Supp. 2d 369, 387 (S.D.N.Y. 2000), where the court noted, "It is well-established that a party to a contract which is the subject of the litigation is considered a necessary party." See also Crouse-Hinds Co. v. InterNorth, Inc., 634 F.2d 690, 701 (2d Cir. 1980) ("No procedural principle is more deeply imbedded in the common law than that, in an action to set aside a lease or a contract, all parties who may be affected by the determination of the action are indispensable.").

But because joinder of BPC and Grove would completely destroy diversity of citizenship, they cannot be joined as defendants. Therefore, Berkeley's complaint must be dismissed. Fed. R. Civ. P. 19(b); Soto v. Barnitt, 00 Civ. 3453, 2000 WL 1206603, at *2 n.3 (S.D.N.Y. Aug. 23, 2000) (citing 28 U.S.C. § 1332; Cushing v. Moore, 970 F.2d 1103, 1106 (2d Cir.1992)).

**Page (9)**

**III.    BPC's and Grove's Motion to Dismiss the Interpleader Complaint is Denied.**

BPC and Grove also move to dismiss Mallow's interpleader action, arguing that the Court should "infer that if the Berkeley action were to fail for want of federal jurisdiction . . . the interpleader would be withdrawn." They argue that the Court does not have subject matter jurisdiction because the adverse claimants (BPC, Grove and Berkeley) are not diverse. 28 U.S.C. § 1335; State Farm Fire & Casualty Co. v. Tashire, 386 U.S. 523, 530-31 (1967).

However, the interpleader statute does not require complete diversity among adverse claimants. Section 1335 "has been uniformly construed to require only 'minimal diversity,' that is, diversity of citizenship between two or more claimants, without regard to the circumstance that other rival claimants may be co-citizens." State Farm Fire, 386 U.S. at 530; see also U.S. Trust Co. of New York v. Alpert, 163 F.R.D. 409, 416 n. 8 (S.D.N.Y. 1995) ("Subject matter jurisdiction exists because complete diversity is not required in an interpleader action under 28 U.S.C. § 1335, which provides that only "two or more" of the "adverse claimants" must be diverse.").

At this moment, the Court does not know whether minimal diversity exists. Mallow has sued, not only Berkeley, BPC and Grove, but also others who, it alleges, may have a claim on the escrowed funds. If one of them is not a citizen of New Jersey, the Court has jurisdiction over the interpleader action. The interpleader complaint is silent on this issue. I anticipate that Mallow may withdraw its interpleader complaint in view of the Court's dismissal of the underlying Berkeley action. But the Court will not "infer" that Mallow intends to do so.

## Conclusion

Berkeley's complaint is dismissed for failure to join necessary parties. The Clerk of the

Court is directed to close the file in Case No. 09 Civ. 2319 (CM). BPC's and Grove's motion to

dismiss the interpleader complaint in the Mallow action is denied. (Case No. 09 Civ. 3771,

Docket No. 5.)

This constitutes the decision and order of the Court.

Dated: July 20, 2009

_____

U.S.D.J.

BY ECF TO ALL COUNSEL